FILED
BILLINGS DIV.
2010 JUL 27 PM 3 56
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| PAULA STAUFFER, | Cause No. CV 10-00085-BLG-RFC-CSO |
|---|---|
| Plaintiff, | |
| vs. | RECOMMENDATION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |
| BRUCE WHITWORTH, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Paula Stauffer's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed civil rights Complaint. (Court Doc. 2).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). The court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

There are several problems with Stauffer's filings. First, Stauffer failed to sign her Complaint as required by Rule 11 of the Federal

Rules of Civil Procedure.[1]

Second, Stauffer states in her motion to proceed in forma pauperis that she has $12,000.00 in a checking account. Given this amount, the Court cannot conclude that she is unable to pay the filing fee.

While generally a litigant would be given an opportunity to pay the filing fee, the Court deems that unnecessary because the Court lacks subject matter jurisdiction over Stauffer's claims. Federal Rule of Civil Procedure 12(h)(3) provides that, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002), citing Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 49-50 (9th Cir. 1972); see also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (holding that the courts, on their own motion, are under a duty to raise the question of lack of

---

[1] Rule 11 provides: "Every pleading, written motion, and other paper must be signed by ... a party personally if the party is unrepresented."

federal jurisdiction at any time that such lack appears). The party asserting subject matter jurisdiction has the burden of proving its existence. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002); see also Fed.R.Civ.P. 8(a)(1) (a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction).

Federal courts, unlike state courts, are courts of limited jurisdiction and can adjudicate only those cases that the United States Constitution or Congress authorize them to adjudicate. Kokkonen, 511 U.S. 375, 377 (1994). With exceptions not applicable here, Congress has only authorized federal jurisdiction in cases that present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

Stauffer has named only one defendant–Dr. Bruce Whitworth. But she does not allege that Dr. Whitworth is a person acting "under color of state law." West v. Atkins, 487 U.S. 42 (1988). The Bill of

Rights does not prohibit acts of private persons, however discriminatory or wrongful. District of Columbia v. Carter, 409 U.S. 418, 422-23 (1973); Public Utilities Comm'n v. Pollak, 343 U.S. 451, 461-62 (1952), . The "color of state law" requirement is a condition precedent to stating a § 1983 claim, and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself. Section § 1983 regulates only state and local government conduct, it does not reach purely private conduct. Dr. Whitworth is a psychiatrist with the Mental Health Center of Billings, a private organization. Accordingly, Stauffer cannot establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

To the extent Stauffer alleges claims under Montana law, she failed to allege complete diversity of citizenship or that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. Stauffer alleges that both she and Dr. Whitworth live in Montana.

Therefore, Stauffer cannot establish subject matter jurisdiction and the Motion to Proceed in Forma Pauperis should be denied.

Although Stauffer's claims are not entirely clear, she does

indicate that she is incarcerated in Warm Springs, Montana, presumably at the Montana State Hospital. Stauffer also indicates she wants to be free. To the extent Stauffer is attempting to challenge an involuntary civil commitment, she cannot do so with a civil complaint filed pursuant to 42 U.S.C. § 1983. A court may not grant relief to a plaintiff under § 1983 when granting that relief would imply that the plaintiff's civil commitment is invalid. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005). Rather, in order to challenge a civil commitment, a person in custody must file a petition for writ of habeas corpus. Given the possibility that Stauffer is attempting to challenge a civil commitment, the Clerk of Court will be directed to provide forms for filing a petition for writ of habeas corpus.

Because Stauffer is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the

following Order be issued by Judge Cebull.

DATED this 27th day of July, 2010.

Carolyn S. Ostby
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

## ORDER

1. Stauffer's motion to proceed in forma pauperis (Court Doc. 1) is **DENIED** and this matter is **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to send the appropriate forms for filing a petition for writ of habeas corpus to Stauffer.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this ___ day of _July_, 2010.

RICHARD F. CEBULL
United States District Judge